Judge: Marc Barreca  
Chapter 13  
Location: ZoomGov  
Date of Hearing: June 28, 2023  
Time: 9:00AM  
Response Date: June 21, 2023

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

_____

| | |
|---|---|
| In re: | |
| Curtis A. Thompson, | Bankruptcy Number  22-11846-MLB |
| Debtor. | Chapter 13 |

_____

**MOTION TO SHOW CAUSE AND FOR AWARD OF SANCTIONS**

**AGAINST STEVEN M. PALMER, CURTIS, CASTEEL & PALMER, PLLC and**

**CURTIS A. THOMPSON**

_____

Now comes Creditor Carl Cook, and requests an Order To Show Cause against Steven M. Palmer, Curtis, Casteel & Palmer, and Curtis A. Thompson for why they should not be sanctioned for overtly and willfully violating the redaction and privacy provisions of United States and Washington privacy statutes.  The foundation for the Motion is more fully set forth in the following Memorandum, attached hereto and incorporated by reference herein.

## I. MEMORANDUM IN SUPPORT

1.1	Debtor Thompson filed this chapter 13 bankruptcy on November 17, 2022 as a means to forestall foreclosure by Creditor Cook of the property commonly known as 2912 122nd St SW, Everett, WA 98204.

During the course of this bankruptcy proceeding Debtor's counsel Steven M. Palmer has singled out only Creditor Cook, amongst the thirteen creditors in this matter, for 'special treatment' as Creditor Cook is unrepresented (despite his best efforts to secure counsel). Counselor Palmer has sought to have Creditor's secured and unsecured claims reduced, divided, and indeed eliminated altogether. Counsel has sought alleged, unvested, and astronomical damages for Creditor's unknowing trespasses, which Creditor openly acknowledged and with contrition, which were found to be violation of the bankruptcy stay, even as Debtor had not paid counsel for the claimed legal fees and <u>did not incur any other damages</u> as a result of Creditor's actions. No harm was experienced by Debtor in this. In fact though Creditor in those actions was seeking the payment records to support his secured claim in this bankruptcy, in compliance with a Washington DFI Consent Order. Counsel has used every maneuver to put Creditor at a disadvantage, with no consideration for Creditor's lack of training in the Law nor the fact that he was involuntarily dragged into this matter. Counsel has been merciless and predatory toward Creditor Cook, in filings and in hearings.

1.2	CAMPAIGN OF HARASSMENT AND INTIMIDATION AGAINST CREDITOR COOK

Counselor Steven M. Palmer during the course of this proceeding has made numerous, baseless, and mendacious accusations against Creditor Cook in an campaign to intimidate, deflect, discourage, and embarrass Creditor, which will be further detailed in an appeal:

- On May 10, 2023 counsel filed his "Supplemental Filing of Original State Court Complaint" (docket# 127), which without cover sheet was comprised of a copy of Creditor Cook's original Complaint in his personal injury civil case against Debtor, and the Veterans' Administration extraordinarily sensitive private medical records of Creditor Cook with PII, which laid out in detail his treatment for intelligence service-connected PTSD;

- Also in such filing, inexplicably, was a Snohomish County Sheriff's Department report on the felonious assault by Debtor on Creditor, which finds probable cause for the charging of Debtor with felonious assault with a deadly weapon against Debtor without provocation;
- And then again further private medical records of Creditor Cook with PII which laid out in detail his injuries which resulted from Debtor's vicious attack on Creditor Cook, and treatment by a Forensic Doctor;
- Then in the same filing counsel included more Veterans' Administration private medical records of Creditor Cook with PII, which laid out in detail his treatment for intelligence service-connected PTSD and the exacerbating effects which the attack by Debtor has had on Creditor;
- And then counsel attached even more Veterans' Administration private medical records of Creditor Cook's medical treatment with PII;
- After this extremely privileged and sealed information, in the same document counsel included copies of wire transfers which Creditor had made <u>to keep up Debtor's first mortgage</u>, and counsel did not redact account numbers, transaction numbers, ABA numbers, amounts, Creditor's driver's license number, and other sensitive details, as absolutely mandated by 11 U.S.C. 9037;
- And then counsel attached even more Veterans' Administration private medical records of Creditor Cook with PII, which laid out in detail his treatment for intelligence service-connected PTSD and the exacerbating effects the attack by Debtor has had on Creditor;
- As well, he attached a letter from Creditor's VA psychiatrist with PII, which included details of his treatment, last four of SSAN, date of birth, and treatment details;
- Then counsel attached more Veterans' Administration private medical records of Creditor Cook with PII, which laid out in detail his highly sensitive treatment for intelligence service-connected PTSD and the exacerbating effects the attack by Debtor has had on Creditor.

### 1.3 COUNSEL'S *REASONING* FOR PUTTING SUCH INFORMATION INTO THE PUBLIC RECORD OF THIS BANKRUPTCY?

Why would a licensed and highly experienced bankruptcy lawyer post a filing which contains the extraordinarily confidential medical records of Creditor from the period starting in 2014 to the present, and which account Creditor's service-related injuries in detail including medications, identifying numbers, dates, treatments and impressions of the professionals treating him… in a bankruptcy action? Why would such an experienced attorney post wire transfers made by Creditor which include his bank account numbers, routing numbers, amounts, recipients, etc, exposing Creditor to potential identity theft, which can take years to resolve?

Counsel for Debtor would and has made such postings out of malice, to smear and intimidate Creditor and to attempt to deter and discourage him from enforcing his secured loan, as has been counsel's wont throughout this proceeding. The motive of counsel is demonstrably intentional, malicious, vicious.

Counsel chose to omit a number of pages in such submission for reasons unknown, however it could not be to protect Creditor's privacy as these personal and confidential medical records with PII already have now disclosed virtually everything about Creditor which is private. Counsel was fully aware that these medical records had been filed under Court seal, as he himself included some of these cover documents in this filing.

On the Court's website under Electronic Filing Procedures (https://www.wawb.uscourts.gov/sites/default/files/attachments/ElectronicFilingProcedures_0.pdf) it states, "*A document filed electronically in the ECF system becomes part of the permanent case record and, unless filed under seal, can be viewed by the public.*" These documents were not filed by counsel under seal, and the fact of their filing alone is in violation of several federal and state statutes protecting privacy.

In any case, it does not matter why counsel did it. The fact is, he did it. Overtly and willfully. For the purpose of endeavoring to permanently damage Creditor Cook in manifold ways, and succeeding. And in direct violation of the Court's most prominent and stringently-enforced rules, this, not even considering the violation of several other federal and state laws.

Counselor Palmer is a licensed and experienced attorney, <u>specializing in bankruptcy</u>, and knew or should have known that disclosure of such sensitive personal information is prohibited and strictly enforced by Court Rules. In fact when one navigates to upload files in the PACER system there is always a popup reminding users to **redact all sensitive information before filing**, and one must check a box in order to affirm compliance.

In so disclosing such information by filing, counsel may be in contravention of ethical standards of the Bar. There has been no court order releasing them for review by his client, much less to the public at large.

### 1.4 THE INFORMATION BROKERS

Why is it that publicly posting such <u>legislated private information</u>, can not be remedied by sealing the record after-the-fact, or by withdrawing such filing(s)?

Creditor Cook's profession for 24 years has been information security of the largest computer systems – enterprise systems. Although most people are not aware, there is now an ecosystem of 'information brokers' who send 'bots' (robot scripts) to scan every publicly available website and store and analyze its contents. Then anyone with a credit card can buy extensive information on whomever they may choose. Let's start with an easy one:

- Google – The greatest data mining operation in the history of the world. [Here is an article](#) describing what information Google stores when you log in. However it does not explain their web 'bots [which crawl the web on every website](#), in order to bring the search results that you ask for. As with most information-gathering services these 'bots crawl and save every website in the world, every day, for everything. It may take time for them to do optical character recognition on images, but all images such as counsel's filings are stored and waiting, and Google's 'bots ignore sites' robots.txt which ask them to not scan. Google has acknowledged storing these results <u>in perpetuity</u>, the better for your search to yield results. These results would now include counsel's filings, although they may not yet have been converted to text by optical character recognition.

- Facebook – Also sends out 'bots to scan the web and service their client base. A while back it was discovered that Facebook was doing facial recognition, however it [turned out to be so toxic](#) that they dropped it. However they still do scans for photos of fingerprints in photos which are clear enough to identify, and with pictures of guns they scan for and store the serial numbers. Do they scan for documents online in order to provide their users with additional information? Of course they do.
- [https://archive.org](https://archive.org) – This organization since 1996, regularly scans the whole internet and saves whole websites periodically for historical purposes. Here are all of the full website captures of [ecf.wawb.uscourts.gov](http://ecf.wawb.uscourts.gov) since 2001: [https://web.archive.org/web/20160401000000*/https://ecf.wawb.uscourts.gov](https://web.archive.org/web/20160401000000*/https://ecf.wawb.uscourts.gov)
- [https://www.intelius.com/](https://www.intelius.com/) – Here is one of those dozens of data brokers who collect information on anyone and anywhere. All you need is a credit card to get just about anything, on anyone, and there is no way to stop it. I realize that I am giving secrets to counsel, and there is much he obviously still does not know. [Docusearch](#) is another. [PublicData](#) is another. [Officer.com](#) is another. [Checkr](#) is another, and there are dozens more.
- But the big daddy of them all is [Lexis-Nexis](#). This is where most professional organizations (such as those whom Creditor has worked for/ would have worked for), consultancies, insurance companies, mortgage companies, banks, and other large organizations go to check on the reputation and sensitive background of an individual. Lexis-Nexus has the most astute programmers who comb all of the internet with all resources to gather information clouds on individuals, which most are unaware of. Once this organization acquires information they never let go, even if repudiated or discredited. They are never challenged, and make sure it stays this way.

1.4 <u>NEXT STEPS</u>

Given the career-fatal damage which counsel, as an agent of his firm, has inflicted on Creditor Cook, Creditor must and will take all measures necessary under federal and state law and the State Bar to use all avenues of relief available,

including the right to sue for invasion of privacy, breach of confidentiality, ethics violations, and elimination of future job prospects due to such disclosures.

This Court has not hesitated to step into State law in deciding Creditor's claim and other matters, and should it again decline use its powers in enforcing federal and state law to support Creditor and prevent and enforce such actions as counsel has inflicted on Creditor, there are other immediate legal remedies which Creditor can and most assuredly will take.

## II.  LAW AND ARGUMENT

2.1   MISUSE OF PRIVATE INFORMATION

This is now recognized as a distinct "tort" (civil legal wrong).  Liability is assessed on whether:

(a)  The information was private – this will be based on whether the person to whom the information relates had a 'reasonable expectation' of privacy in relation to the information.  Consideration of a person's right to respect for private and family life will determine whether there is such an expectation.  This will often be easy to determine when the material leaked concerns medical information.

(b)  Whether there has been an infringement of the person's reasonable expectation of privacy.  This will be fact specific and, in many cases, it will be clear whether there was an infringement or not.  Where the disclosure is arguably in the public interest then it is likely that there will need to be a more rigorous assessment of the merits of the claim and this will include a balancing exercise with the right to freedom of expression.  A defendant may be able to defend an action if the information is already in the public domain.  Damages are principally intended to compensate a claimant for the distress that the unauthorized disclosure has caused to the person concerned.

2.2   BREACH OF CONFIDENCE

This is an equitable cause of action that was traditionally associated with the unauthorized leak of trade secrets.  The case of *Coco v AN Clark Engineers Ltd*

[1969] RPC 41 sets out the three essential requirements that must be fulfilled to bring a claim under this cause of action:

(a) The information in respect of which relief is sought must have the necessary quality of confidence about it. In other words, the information would not already be common knowledge or within the public domain;

(b) The information must have been imparted in circumstances imparting an obligation of confidence. The law in this area has developed to allow such an obligation to be inferred in a wide variety of situations (including personal confidences), where a contractual relationship does not exist. An obligation of confidence will, therefore, usually arise whenever a person receives information that he knows or ought to know is confidential.

(c) There must be an unauthorized use/disclosure of that information. If a claim for breach of confidence succeeds, the remedies which can be awarded include damages, an account of profits and/or an injunction.

2.3   42 U.S. CODE § 1320D–6 - WRONGFUL DISCLOSURE OF INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION

(a) Offense   A person who knowingly and in violation of this part –
  (1)  uses or causes to be used a unique health identifier;
  (2)  obtains individually identifiable health information relating to an individual; or
  (3)  discloses individually identifiable health information to another person, shall be punished as provided in subsection (b). For purposes of the previous sentence, a person (including an employee or other individual) shall be considered to have obtained or disclosed individually identifiable health information in violation of this part if the information is maintained by a covered entity (as defined in the HIPAA privacy regulation described in section 1320d–9(b)(3) of this title) and the individual obtained or disclosed such information without authorization.

(b) Penalties A person described in subsection (a) shall –

    (1)  be fined not more than $50,000, imprisoned not more than 1 year, or both;

    (2)  if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and

    (3)  if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or **malicious harm**, be fined not more than $250,000, imprisoned not more than 10 years, or both. (emphasis added)

(Aug. 14, 1935, ch. 531, title XI, § 1177, as added Pub. L. 104–191, title II, § 262(a), Aug. 21, 1996, 110 Stat. 2029; amended Pub. L. 111–5, div. A, title XIII, § 13409, Feb. 17, 2009, 123 Stat. 271.)

2.4   Health Insurance Portability and Accountability Act of 1996 (HIPAA)

    Applies to information held or transmitted in any form or media, including electronic, paper and oral.  Medical records may include medical history, family medical history, information about your lifestyle, past procedures, laboratory test results, prescribed medications, genetic testing results, and related information.

    HHS may discipline the person responsible for the disclosure, or refer the matter to the Department of Justice for prosecution.  To file a complaint with HHS, fill out a "Health Information Privacy Complaint" (PDF) form and file it within 180 days of the alleged act.  Also legal action at the State level may be taken within 180 days of the violation(s).

2.3    THE COMMON LAW DUTY OF CONFIDENTIALITY

    All patient/client information, whether held on paper, computer, visually or audio recorded, or held in the memory of the professional, must not be disclosed without the consent of the patient/client.

    It is irrelevant for example how old the patient/client is, or what the state of his/her mental health is; the duty still applies.

    If a disclosure is made which is not permitted under common law the patient/client could possibly bring a legal action not only against the organization but also against the individual responsible for the breach.

2.4 [11 U.S.C. 9037 - PRIVACY PROTECTION FOR FILINGS MADE WITH THE COURT](#)

(a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

    (1) the last four digits of the social-security number and taxpayer-identification number;

    (2) the year of the individual's birth;

    (3) the minor's initials; and

    (4) the last four digits of the financial-account number.

(b) Exemptions From the Redaction Requirement. The redaction requirement does not apply to the following:

    (1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

    (2) the record of an administrative or agency proceeding unless filed with a proof of claim;

    (3) the official record of a state-court proceeding;

    (4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

    (5) a filing covered by subdivision (c) of this rule; and

    (6) a filing that is subject to §110 of the Code.

...

These Rules are intended to help mitigate the incidences of identity theft resulting from the general public's access to legal documents which are a matter of public record. See 11 U.S.C. § 107(a). Practitioners are expected to comport their practice in compliance with these Rules.

Creditor now looks to this Court to right this intentional, vicious, and grievous wrong. To hold the party responsible for breaking several federal and state laws in order to harm Creditor and incidentally ruin his ability to earn a livelihood, in spite of being fully aware of the rules he is willfully and intentionally breaking.

WHEREFORE, Creditor respectfully prays that Steven M. Palmer, Curtis, Casteel & Palmer, and Curtis A. Thompson be ordered to Show Cause for why they should not be found in violation of the aforementioned statutes, and that Steven M. Palmer, Curtis, Casteel & Palmer, and Curtis A. Thompson be ordered to pay punitive damages in the amount of $848,000 for the four remaining working years that Creditor Cook is expected to be able, and any other damages this Court may order.

                                      MOVING PARTY,

Dated May 25, 2023

                                      s/  Carl Cook

CERTIFICATE OF SERVICE

    I certify that on May 24, 2023, a true and correct copy of the Creditor's Motion to Show Cause and for Sanctions Against Steven M. Palmer, Curtis, Casteel & Palmer, and Curtis A. Thompson were served:

Via the court's Electronic Case Filing System on those entities and individuals who are listed on the court's Electronic Mail Notice List. As well on the:

    United States Trustee:    USTPRegion18.SE.ECF@usdoj.gov

    Chapter 13 Trustee:    Jason Wilson-Aguilar, on behalf of the Chapter 13 Trustee at courtmail@seattlech13.com

And by regular U.S. mail, postage prepaid on:

Creditor Address Matrix pulled from Court records on 4/17/2023, attached hereto as Exhibit 1. I certify that on May 25, 2023 I caused to be mailed a copy of the Creditor's Motion to Show Cause and for Sanctions Against Steven M. Palmer and/or Curtis A. Thompson to all parties on the mailing matrix. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated May 25, 2023

                                        s/ Carl Cook

**EXHIBIT 1**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-2<br>Case 22-11846-MLB<br>Western District of Washington<br>Seattle<br>Mon Apr 17 12:23:33 PDT 2023 | U.S. Bankruptcy Court<br>700 Stewart St, Room 6301<br>Seattle, WA 98101-4441 | (p)AUDIT & ADJUSTMENT COMPANY<br>ATTN STEPHANIE JANSSEN<br>PO BOX 1959<br>LYNNWOOD WA 98046-1959 |
| Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Carl Cook<br>7915 240th St. SW<br>Edmonds, WA 98026-9117 |
| (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Federal Home Loan Mortgage Corp. Trustee (Se<br>c/o Specialized Loan Servicing LLC<br>6200 S. Quebec Street, Suite 300<br>Greenwood Village, Colorado 80111-4720 | IRS Centralized Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Puget Sound Collections<br>Attn: Bankruptcy<br>738 Broadway, Ste 400<br>Tacoma, WA 98402-3777 | Puget Sound Collections<br>PO Box 3011<br>TACOMA, WA 98401-3011 |
| Specialized Loan Servicing LLC<br>Po Box 630147<br>Littleton, CO 80163-0147 | Trustee Corps<br>500 Union St. STE 620<br>Seattle, WA 98101-3921 | Trustee Corps<br>606 W. Gowe St.<br>Kent, WA 98032-5744 |
| United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 | Curtis A Thompson<br>2912 122nd St SW<br>Everett, WA 98204-4765 | (p)JASON WILSON AGUILAR<br>600 UNIVERSITY ST STE 1300<br>SEATTLE WA 98101-4102 |
| Steven M Palmer<br>Curtis, Casteel & Palmer, PLLC<br>3400 188th St SW<br>Ste 565<br>Lynnwood, WA 98037-4773 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Audit And Adjustment<br>Attn: Bankruptcy Dept<br>Po Box 1959<br>Lynnwood, WA 98046 | Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | Portfolio Recovery Associates, LLC<br>Attn: Bankruptcy<br>120 Corporate Boulevard<br>Norfolk, VA 23502 |
| (d)Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 | Jason Wilson-Aguilar<br>600 University St #1300<br>Seattle, WA 98101 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Federal Home Loan Mortgage Corporation        (d)Carl Cook                         End of Label Matrix
                                                 7915 240th St SW                     Mailable recipients    18
                                                 Edmonds, WA 98026-9117               Bypassed recipients     2
                                                                                      Total                  20